IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SELECT PORTFOLIO SERVICING, INC.,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 6:23-CV-00452-ADA-JCM |
| **REX SCOTT, et al,** | § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:**   **THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion for Partial Default Judgment against Defendants Rex Scott and John Scott (ECF No. 15). For the following reasons, the Court recommends Plaintiff's Motion be **GRANTED.**

**I.     BACKGROUND**

Plaintiff Select Portfolio Servicing, Inc., files this Motion for Partial Default Judgment against Defendants Rex Scott and John Scott. Plaintiff sued Defendants on June 14, 2023, seeking a declaratory judgment to foreclose on real property. Pl.'s Compl. (ECF No. 1) at ¶ 14. On the same day, Plaintiff requested summons. Req. for Issuance of Summons (ECF No. 3).

This proceeding concerns real property located at 712 W. 3rd Street, McGregor, Texas 76657 ("Property"). Pl.'s Compl. at ¶ 9. Garrison Scott executed a Note in the principal amount

of $50,000 with an interest rate of 7.25% on October 27, 2008. *Id.* at ¶ 11; Pl.'s Compl., Ex. A. The Note was originally payable to Great Western Financial Services, Inc., as a lender on a loan secured by the Property. *Id.* at ¶ 11.

Along with the Note, Garrison Scott and Johnnye Scott executed a Texas Home Equity Security Instrument (First Lien) ("Security Instrument" and together with the Note, "Loan Agreement"), granting Mortgage Electronic Registration Systems, Inc. a security interest in the Property. *Id.* at ¶ 12. The Security Instrument was recorded in the Official Public Records of McLennan County, Texas, as Document No. 20080036001, on November 4, 2008. *Id.* Mortgage Electronic Registration Systems, Inc. as beneficiary and nominee for Great Western Financial Services, Inc., its successors and assigns to Plaintiff. *Id.* at ¶ 13. The assignment was recorded in the official public records of McLennan County, Texas, as Document No. 2023014424 on May 17, 2023. *Id.* Plaintiff is the current legal owner and holder of the Note. *Id.* at ¶ 14.

Garrison Scott died on or about April 20, 2020. *Id.* at ¶ 2. Johnnye Howard Scott died on or about April 25, 2022. *Id.* at ¶ 3. No probate was ever opened for either of their estates in McLennan County, Texas. *Id.* at ¶ 4. Thus, their heirs acquired all of their interest in the Property immediately upon their deaths, subject to the Loan Agreement owed to Plaintiff. *Id.* at ¶ 5.

Plaintiff filed this lawsuit seeking a declaration from the Court that it is the owner and holder of the Note, beneficiary of the Security Instrument, and authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property. *Id.* at ¶ 22. Plaintiff also seeks a declaration that it has a statutory probate lien against the Property under the terms of the Loan Agreement. *Id.* at ¶ 24. Plaintiff further seeks non-judicial foreclosure of the Property, or alternatively judicial foreclosure, and to sell the Property at a public auction. *Id.* at ¶ 27–31. Finally, Plaintiff requests damages for reasonable attorney's fees. *Id.* at ¶ 32.

Plaintiff served Defendant Rex Scott with summons on July 12, 2023. Pl.'s Mot. Default J. at ¶ 3. His answer or response was due August 2, 2023. *Id.* Defendant Rex Scott has not appeared or otherwise defended the suit. *Id.* Plaintiff served Defendant John Scott on June 28, 2023. *Id.* at ¶ 4. His answer or response was due on or before July 19, 2023. *Id.* Defendant John Scott has not answered or otherwise appeared in the lawsuit. *Id.* at ¶ 5. Exhibit A-1 shows that Defendants are not on active-duty military status. Ex. A-1, Decl. of Mark Cronenwett. Plaintiff filed a Motion for Clerk's Entry of Default against Defendants on August 8, 2023. ECF No. 11. The Clerk entered default as to John Scott and Rex Scott the same day. ECF No. 12; ECF No. 13. Plaintiff filed this Motion for Default Judgment on August 22, 2023. Defendants have not responded.

## II.    RELEVANT LAW

Default may be entered against a party when it fails to answer or otherwise defend a suit. FED. R. CIV. P. 55. The following three steps must be followed to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk; and (3) entry of default judgment by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). To enter default judgment, courts typically determine whether default judgment is appropriate by considering the *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998) factors and whether the pleadings have a sufficient basis for judgment. *Nautilus Ins. Co. v. A Best American Roofing, LLC*, EP-18-CV-320-PRM, 2019 WL 1473140, at *2 (W.D. Tex. Apr. 3, 2019) (citing *Lindsey*, 161 F.3d at 893 and *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co., Ltd.*, 1:17-CV-821-RP, 2019 WL 2568748, at *2 (W.D. Tex. June 21, 2019).

Plaintiff's well-pleaded factual allegations are taken as true after default, and default functions as an admission of those allegations. *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002). Failure to answer or otherwise defend is admission of liability but not agreement with proposed damages. *Id*. An evidentiary hearing is not necessary to determine damages if damages are liquidated or mathematically calculable. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.   ANALYSIS

Plaintiff seeks a declaration that it is the owner and holder of the Note, beneficiary of the Security Instrument, and authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property. Pl.'s Compl. at ¶ 22–31. The Court must determine first whether default judgment is appropriate, and second what relief, if any, should be awarded.

First, the Court must determine whether default judgment may be entered. To obtain default judgment, the following must occur: (1) default by the defendant; (2) entry of default by the Clerk; and (3) entry of default judgment by the court. *N.Y. Life Ins. Co.*, 84 F.3d at 141. Defendants defaulted by failing to answer or otherwise defend this suit. FED. R. CIV. P. 55. Service was properly executed on Defendants, yet they have not appeared, answered, or otherwise defended this suit.  Pl.'s Mot. for Clerk's Entry of Default. The Court Clerk entered default against Defendants on August 8, 2023. ECF No. 12; ECF No. 13. Therefore, default judgment may be entered by the Court, and the Court must now determine whether default judgment is appropriate.

Under *Lindsey*, the Court must consider the following:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of

a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. There are no issues of material fact as Defendants failed to respond to Plaintiff's allegations in any manner. Defendants do not face prejudice as they have admitted to the allegations through their default. *Jackson*, 302 F.3d at 524. Grounds for default are "clearly established" as Plaintiff properly served Defendants, and Defendants have not defended the suit. Defendants have not claimed any good faith mistake or excusable neglect. *Id*. Defendants failed to respond though they had time to do so, mitigating the harshness of default judgment. *Id*. While default judgment is not a favored remedy of the courts, no good cause is apparent which would oblige the Court to set aside default judgment. *Id.*; *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Therefore, the *Lindsey* factors weigh in favor of default judgment.

### A. Plaintiff is entitled to a declaration of foreclosure on the Property.

Next, the Court must determine whether there is a sufficient basis in the pleadings for default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Plaintiff seeks a declaratory judgment that Plaintiff "is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property." Pl.'s Compl. at ¶ 22. To foreclose under a security instrument with a power of sale in Texas, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) defendant is in default under the note and security instrument; and (4) defendant received notice of default and acceleration. *Huston v. U.S. Bank. Nat. Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) citing Tex. Prop. Code § 51.002.

The Court should declare that Plaintiff is entitled to foreclose against Defendants. Plaintiff is permitted to seek foreclosure of the lien on the property due to Defendants' failure to pay the debt under the Loan Agreement. Originally payable to Great Western Financial Services,

Inc., Plaintiff is now the beneficiary of the Loan Agreement pursuant to an assignment. Pl.'s Compl. at ¶ 11–14. Plaintiff alleged that the creation of the Loan Agreement created a debt. This debt is secured by a valid lien because the Security Instrument was recorded in the official public records of McLennan County, Texas. *Id.* at ¶ 18. Plaintiff alleges that the Loan Agreement fell into default because of the Estate of Garrison Scott's failure to abide by the terms and make required payments. *Id.* Finally, Plaintiff asserts that notice of default and notice of acceleration were properly sent to Defendant. *Id.* at ¶ 19. By failing to answer the Complaint, Defendants have admitted these factual allegations. Therefore, the Court should declare that Plaintiff is entitled to foreclosure.

Plaintiff's pleadings provide a sufficient basis for default judgment. Therefore, Plaintiff established a sufficient basis in the pleadings for default judgment to be entered. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Because the *Lindsey* factors weigh in favor of default judgment and the pleadings have a sufficient basis for default judgment to be entered, the Court may enter default judgment against Defendants.

### B. Plaintiff is entitled to relief.

Finally, the Court must determine what relief should be awarded to Plaintiff. The Court does not need to hold an evidentiary hearing on the issue of damages if damages are liquidated or mathematically calculable. *United Artists Corp.*, 605 F.2d at 857. Plaintiff does not seek monetary damages against Defendants. Instead, Plaintiff seeks the following relief: (1) a declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property; (2) a declaration that Plaintiff's statutory probate lien against the Property shall be

enforced by a non-judicial foreclosure at public auction; and (3) attorney fees and costs of suit. *Id.* at 8–9.

Plaintiff is entitled to all of the relief it seeks. Plaintiff requests that the award of attorneys' fees be made not as a money judgement against Defendants, but as a further obligation owed under the Loan Agreement in an amount to be determined in a post-judgment motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). *Id.* at ¶ 35. Plaintiff is entitled to attorneys' fees in an amount to be determined in a post-judgment motion.

## IV.    CONCLUSION

It is therefore **RECOMMENDED** Plaintiff's Motion for Default Judgment (ECF No. 15) be **GRANTED**. It is further **RECOMMENDED** that the proposed Final Default Judgment filed by Plaintiff at ECF No. 15-2 be entered in full.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are made.  The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED this 7th day of November 2023.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**